# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: August 7, 2017

* * * * * * * * * * * * * *
MICHAEL FERG as personal      *     No. 16-1285V
representative of the Estate of Sarah    *
Morcos,      *
     *
     Petitioner,      *     Special Master Sanders
     *
 v.      *
     *     Attorneys' Fees and Costs; Reasonable
SECRETARY OF HEALTH      *     Hourly Rate.
AND HUMAN SERVICES,      *
     *
     Respondent.      *
* * * * * * * * * * * * * *

John R. Howie, Jr., Howie Law, PC, Dallas, TX, for Petitioner.
Ilene C. Albala, United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On October 6, 2016, Michael Ferg ("Petitioner") filed a petition on behalf of the estate of Sarah Morcos for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that Ms. Morcos developed transverse myelitis ("TM") and subsequently died as a result of an influenza ("flu") vaccine received on October 11, 2013. Decision 1, ECF No. 32. On June 8, 2017, the undersigned issued a decision awarding Petitioner compensation pursuant to the parties' stipulation. *Id.*

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 to -34. (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On June 28, 2017, Petitioner submitted his application for Attorneys' Fees and Costs. Mot. Att'ys' Fees, ECF No. 36. On July 3, 2017, Respondent filed his Response to Petitioner's Motion. Resp't's Resp., ECF No. 37. Petitioner did not submit a reply. *See* Docket Rep. This matter is now ripe, and after careful consideration, the undersigned **GRANTS** Petitioner's Motion for Attorneys' Fees in full.

## I.     PROCEDURAL HISTORY

In Petitioner's Motion for Attorneys' Fees, he requested $29,949.20 in attorneys' fees and $1,535.74 in costs, totaling $31,484.94. Mot. Att'ys' Fees 1. Petitioner averred that he incurred no personal costs during this case. ECF No. 36-5. Petitioner's counsel, Mr. John Howie, Jr., requested an hourly rate of $300 for his work in 2014 and an hourly rate of $350 for his work in 2015 through 2016. Mot. Att'ys' Fees 1. Mr. Howie also increased his hourly rate request to $363 for work performed in 2017. *Id.* Ms. Zara Najam, an attorney in Mr. Howie's firm requested hourly rates of $200 for 2014, $225 for 2015 and 2016, and $233 for 2017. *Id.*

Mr. Howie also sought compensation for the work of Ms. Debbie Lupo and Ms. Elisa Bautista. *Id.* Ms. Lupo is a paralegal in Mr. Howie's firm, and she requested hourly rates of $100 for 2014, $135 for 2015 and 2016, and $140 for 2017. *Id.* Ms. Bautista is a "Legal Assistant" that oversees the requests for and collection of medical records for Mr. Howie's vaccine injury practice. *Id.* at 3; ECF No. 36-1 at 4. For 2014, Ms. Bautista requested an hourly rate of $40, and she increased her requested rate to $50 for 2015 through 2017. Mot. Att'ys' Fees 1-2.

Respondent filed a response to Petitioner's motion, but asserted that neither the Vaccine Act nor Vaccine Rule 13 "contemplate[] any role for [R]espondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Resp't's Resp. 1. Respondent consequently "recommend[ed]" for the undersigned to "exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

For the reasons articulated below, the undersigned finds Petitioner's requests reasonable and awards them in full.

## II.     STANDARDS FOR ADJUDICATION

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the numbers of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl Ct. 750, 753 (1991) ("[T]he reviewing court

must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Special masters may adjust a fee request *sua sponte*, apart from objections raised by Respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). In *McCulloch*, Special Master Gowen held that an attorney with twenty or more years of experience has a reasonable hourly rate between $350 and $425. *Id.* The Court recently updated the *McCulloch* rates for 2017.[3] For attorneys with twenty to thirty years of experience, the reasonable hourly fee range for work performed in 2017 is $358 to $424. The revised rate schedule also contains increased rates for attorneys with more than thirty-one years of experience.

## III.    DISCUSSION

### A.  Reasonable Hourly Rate

The first step of the lodestar approach involves determining an estimate by calculating "the numbers of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at 1347-48 (quotation omitted). The undersigned has found Mr. Howie's, Ms. Najam's, Ms. Lupo's, and Ms. Bautista's hourly rates for 2014 to be reasonable. *Hudgens v. Sec'y of Health & Human Servs.*, No. 16-644V, 2017 WL 2350910 (Fed. Cl. Spec. Mstr. May 4, 2017); *Volpi v. Sec'y of Health & Human Servs.*, No. 16-23V, 2017 WL 2334028 (Fed. Cl. Spec. Mstr. May 2, 2017). In the past, Mr. Howie maintained his 2014 hourly rate of $300 for 2015 and 2016. *See Hudgens*, 2017 WL 2350910. However, in this Motion, Mr. Howie increased his requested rates and the rates for all of his staff for 2015 through 2017. Mot. Att'ys' Fees 1-2.

Under the 2015-2016 Attorneys' Forum Hourly Rate Fee Schedule,[4] attorneys with eleven through nineteen years of experience may be awarded an hourly rate of $300 to $375. Mr. Howie joined the Texas bar in 2000, thus placing him in the $300 to $375 range for 2015 and 2016. Mot. Att'ys' Fees 2. Mr. Howie's requested rate of $350 for 2015 and 2016 is

---

[3] The 2017 Fee Schedule can be accessed at: http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The hourly rates contained in the 2017 Fee Schedule are updated from the decision *McCulloch v. Secretary of Health and Human Services*. 2015 WL 5634323, at *19.

[4] The 2015-2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The hourly rates contained in the 2015-2016 Fee Schedule are updated from the decision in *McCulloch v. Secretary of Health and Human Services*. 2015 WL 5634323, at *19.

therefore reasonable.  Mr. Howie's increased 2017 hourly rate of $363 is also reasonable under the 2017 Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule.[5]

The undersigned finds Ms. Najam's requested hourly rates reasonable.  Her 2015 and 2016 hourly requested rate of $225 falls within the reasonable ranges found in the 2015-2016 Attorneys' Forum Hourly Rate Fee Schedule.[6]  Similarly, her 2017 requested rate of $233 is within the reasonable range of $230 to $307.[7]  The undersigned further finds Ms. Lupo's and Ms. Bautista's increased rate requests to be reasonable.  Ms. Lupo's requested rates are reasonable given both fee schedules,[8] and Ms. Bautista's increase to $50 for 2017 is reasonable given her seven years of experience in Mr. Howie's firm.  ECF No. 36-1 at 4.

### B.  Hours Expended

The second step in *Avera* is for the Court to make an upward or downward modification based upon specific findings.  515 F.3d at 1348.  The undersigned finds no unnecessary or unreasonable entries in Mr. Howie's billing records.  *See* ECF No. 36-2.  Therefore, Mr. Howie will be awarded attorneys' fees in full.

### C.  Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable.  *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992).  A review of Mr. Howie's cost application shows it to be reasonable, and the undersigned awards costs in full.  *See* ECF No. 36-3; ECF No. 36-4

### IV.    CONCLUSION

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioner is entitled to attorneys' fees and costs.  Accordingly, the undersigned hereby awards t**he total of $31,484.94,[9] to be issued in the form of a check payable jointly to**

---

[5] *See supra* note 3.

[6] *See supra* note 4.  Ms. Najam joined the Texas bar in 2012, and had three years of attorney experience in 2015.  Mot. Att'ys' Fees at 2.  This placed her in the $150 to $225 reasonable range for 2015.  For 2016, the reasonable rate for an attorney with four to seven years of experience increases to $225 to $300.  Ms. Najam's requested rate of $225 is therefore reasonable for both years.

[7] *See supra* note 3.

[8] Ms. Lupo's requested rate of $135 for 2015 through 2016 falls within the paralegal range of $125 to $145 for the 2015-2016 Fee Schedule.  Her increased rate of $140 for 2017 is also reasonable under the $128 to $148 range in the 2017 Fee Schedule.

[9] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or

**Petitioner and Petitioner's counsel, John Howie, Jr., of Howie Law, PC, for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the above decision.[10]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[10] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.